[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
By his petition filed May 22, 2001, petitioner seeks a writ of habeas corpus. For reasons hereinafter stated, the petition is dismissed.
From the evidence, it must be concluded that petitioner is a sentenced prisoner in the custody of respondent. By his petition, it is claimed that the Department of Correction was negligent in properly diagnosing and allowing petitioner to become infected with the tuberculosis virus. It is also alleged that the Department has unconstitutionally enhanced his sentence by its application of Connecticut General Statutes § 53a-39a.
Petitioner entered respondent's custody on or about April 20, 2000. Petitioner was initially confined at the Bridgeport Correctional Facility and then transferred to Walker Correctional Facility. At both of these facilities, petitioner received a skin test for tuberculosis which proved negative. On April 6, 2001, while confined at the Radgowski facility, a skin test indicated tuberculosis. Manifestations indicating an active tuberculosis infection including fatigue, loss of weight, cough, night sweats and sputum were negative.
Dr. Edward Blanchette, clinical director of the Department of Correction, testified that all inmates upon entering the system are screened for tuberculosis and are periodically screened thereafter. He further testified that there were no outbreaks of this disease at any of the facilities at which petitioner was confined. He further testified that the test given to petitioner on April 6, 2001 indicated a latent infection of tuberculosis. The doctor stated that it would be very difficult to determine when this infection started.
Petitioner was treated appropriately for the latent infection and will be continued to be monitored throughout his incarceration. The doctor testified that although petitioner will continue to test positive in any skin test, he has acquired a limited immunity to the disease and should remain free of any further symptoms.
The facility in which petitioner is confined is not detrimental to his health and adequate medical attention is being provided for him.
No evidence was submitted on the claim with respect to Connecticut General Statutes § 53a-39a.
Accordingly, the petition is dismissed. CT Page 621
 ___________________ Joseph J. Purtill Judge Trial Referee